831 F.2d 1063
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ben HUNSUCKER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, and
Benefits Review Board, Respondents.
 No. 86-3528.
 United States Court of Appeals, Sixth Circuit.
 Nov. 3, 1987.
 
 Before BOYCE F. MARTIN and KRUPANSKY, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ben Hunsucker, a sixty year old former coal miner who suffers from pneumoconiosis, had worked in the mines for nine and one-half years between 1942 and 1952. While the exact amount of time that Hunsucker spent in the mine was originally disputed, he has not specifically challenged the finding that he should be credited with nine and one-half years. In 1978, Hunsucker applied for black lung benefits pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901, et. seq. After the Department of Labor denied him benefits in 1980, his claim was heard by an administrative law judge who also denied benefits. He found that Hunsucker had not met all of the criteria necessary to be entitled to benefits. Indeed, 20 C.F.R. Sec. 410.410 provides, a miner "must submit the evidence necessary to establish.... [t]hat he is a coal miner, that he is totally disabled due to pneumoconiosis, and that his pneumoconiosis arose out of employment in the Nation's coal mines". The administrative law judge, however, found that although Hunsucker had established the first and second parts of the statutory standard, that he have pneumoconiosis and that he be totally disabled by the disease, he determined that Hunsucker had failed to show that his pneumoconiosis arose out of his coal mine employment.
 
 
 2
 He based his finding that the second part of the test was met on the fact that this case was brought prior to the effective date of regulations promulgated pursuant to the 1977 Amendments. Thus, he ruled that the more lenient requirements of 20 C.F.R. Sec. 410.490 should apply. Accordingly, he allowed the Sec. 410.490 presumption of totally disabling pneumoconiosis based on less than ten years of coal mine employment and positive x-ray evidence to prevail. Using this standard, he ruled that Hunsucker qualified for this presumption of total disability. Yet he noted that if Sec. 410.490 had not applied, Hunsucker would have failed to meet his burden of proving disability under the more stringent standards of Sec. 410.424 and Sec. 410.426. On appeal, the Benefits Review Board found the earlier ruling supported by substantial evidence but that Sec. 410.490 did not apply. The Board then adopted the administrative law judge's alternate holding that Hunsucker had failed to show that he was totally disabled. Hunsucker now appeals.
 
 
 3
 To establish entitlement for black lung benefits under 20 C.F.R. Part 410, Subpart D, a miner must prove that he had pneumoconiosis, that his pneumoconiosis arose out of his coal mine employment, and that he is totally disabled by the disease. 20 C.F.R. Sec. 410.410. In this case, Hunsucker only challenges the administrative law judge and Board's decision that he had not shown that his illness arose out of his coal mine employment. The administrative law judge had also found, however, that absent Sec. 410.490's presumption, Hunsucker had not met his burden of showing disability under Sec. 410.412. Thus, by declaring that Sec. 410.490 was not applicable, the Board effectively determined that Hunsucker had failed to show both that the pneumoconiosis was caused by his work in the coal mine, and that he was totally disabled by the disease.
 
 
 4
 It is clear that a finding of an administrative law judge in a black lung case may not be set aside if it is based upon substantial evidence, viewing the record as a whole, even if the reviewing court would take a different view of the evidence if it were the original trier of fact. Moore v. Califano, 633 F.2d 727 (6th Cir.1980). The question here is whether there was substantial evidence to support the conclusion that Hunsucker had not proven that his pneumoconiosis arose from his work in the mines. Because we believe there is substantial evidence in the record to support the conclusion of the administrative law judge, we are compelled to affirm.
 
 
 5
 Of the two doctors who contributed evidence at the trial on the causal connection between the pneumoconiosis and Hunsucker's work as a coal miner, one was Dr. Franklin Krause who had made a medical report in 1979 on Hunsucker's condition. Dr. Krause found that Hunsucker suffered from simple bronchitis. In fact, Dr. Krause also wrote that he "doubts [the existence of] significant cardiopulmonary disease."
 
 
 6
 The only other medical evidence was a report by a Dr. Clarke, who saw Hunsucker in 1981. Dr. Clarke stated in his report that the only cause he could find of Hunsucker's "disability dyspnea" was the result of "work in a dusty environment".
 
 
 7
 Based on this evidence, we believe that there is substantial evidence in the record for the administrative law judge's conclusion that Hunsucker had not shown that he was wholly disabled by Black Lung as a result of having worked in the coal mines for nine and a half years in the 1940's.
 
 
 8
 Thus, there is substantial evidence to support the conclusion that Hunsucker is not entitled to benefits. We therefore AFFIRM the decisions of the administrative law judge and Benefits Review Board.